IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:12-CV-5237-B (BF) |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Antonio Remondo Lee Martin brings this action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision should be AFFIRMED.

**Background**

Plaintiff alleges that he is disabled due to a variety of ailments, including chronic back pain, migraine headaches, anxiety, depression, and post traumatic stress disorder ("PTSD"). After his application for DIB was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). Two hearings were held in this case. The first hearing was held on July 24, 2009 and resulted in a decision denying disability benefits. The Appeals Council vacated that decision and remanded the case for further development of the record. A second hearing before the same ALJ was held on April 26, 2011. At the time of the second hearing, Plaintiff was 34 years old. He has a high school education and an associate's degree and has past work experience as a

hand packager, a bakery worker, and a barber. Plaintiff has not engaged in substantial gainful activity since November 1, 2006.

The ALJ found that Plaintiff was not disabled and therefore not entitled to DIB. Although the medical evidence established that Plaintiff suffered from degenerative disc disease of the lumbar spine, migraine headaches, obesity, a depressive disorder, and PTSD, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform his past relevant work as hand packager and a bakery assembly line worker. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

    1.    an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

2

    2.    an individual who does not have a "severe impairment" will not be found to be disabled;

    3.    an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

    4.    if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

    5.    if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

       The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

       The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which

is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Analysis

Plaintiff's appeal raises the following issues:

1. whether the ALJ properly evaluated his credibility; and

2. whether the ALJ properly weighed certain medical source opinions.

## Credibility Determination

Plaintiff first contends that the ALJ improperly evaluated his credibility. At the administrative hearing, Plaintiff testified that he is disabled due to mental impairments and back pain. *See* Tr. at 129, 141-42. He explained that he had to quit working as a barber because of back pain that caused spasms to radiate up his back and down his arms, leaving his hands numb. *Id.* at 139, 145. He further testified that because of his pain he can neither stand nor sit for more than one hour in an eight-hour work day. *Id.* at 130, 146. With regard to his mental impairments, Plaintiff testified that he suffers from PTSD after being struck by lightning and experiences anxiety associated with storms. *Id.* at 129, 134, 137. He also stated that he suffers from depression due to his back pain. *Id.* at 138. According to Plaintiff, his daily activities are limited, he performs only light household chores, and he socializes "very infrequently." *Id.* at 142. The ALJ rejected Plaintiff's

testimony regarding the severity of his symptoms and resulting limitations as "highly inconsistent" with the clinical notations, objective medical findings, and other evidence in the record. *Id.* at 62-65.

The social security regulations establish a two-step process for evaluating subjective complaints of pain and other symptoms. First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the pain or other symptoms alleged. *See* SSR 96-7p, 1996 WL 374186, at *2 (SSA July 2, 1996). Where such an impairment has been proved, the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine whether they limit the ability to do basic work activities. *Id.*; *see also* 20 C.F.R, § 404.1529. In addition to objective medical evidence, the ALJ should consider the following factors in assessing the claimant's credibility:

1. the individual's daily activities;

2. the location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. factors that precipitate and aggravate the symptoms;

4. the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and

7. any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at *3. Although the ALJ must give specific reasons for his credibility determination, "neither the regulation nor interpretive case law requires that an ALJ name,

5

enumerate, and discuss each factor in outline or other rigid, mechanical form. It suffices when the administrative decision is sufficiently specific to make clear that the regulatory factors were considered." *Prince v. Barnhart*, 418 F. Supp. 2d 863, 871 (E.D. Tex. 2005) (citing *Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001)).

In a very thorough written decision, the ALJ cited to the applicable regulations, summarized the evidence, and articulated legitimate reasons for finding Plaintiff's testimony not credible. Tr. at 62-65. In particular, the ALJ noted that Plaintiff's medical records fail to corroborate the severity of his complaints and that his allegations are inconsistent with his daily activities. *Id.* To the extent Plaintiff claims his PTSD is disabling because he has a phobia of leaving the house in bad weather, the ALJ observed that this allegation is inconsistent with other reports Plaintiff made to examining physicians. *Id.* at 62-63. On April 26, 2007, James P. David, Psy. D., examined Plaintiff for the U.S. Dept. of Veterans Affairs ("VA") and noted that Plaintiff "does not report significant interpersonal problems on the job, or direct interference of his Post Traumatic Stress Disorder symptoms on his occupational functioning." *Id.* at 501. Dr. David opined that Plaintiff "did not show sufficient evidence to warrant unemployability solely due to mental health problems." *Id.* With respect to his allegations of disabling pain, the ALJ noted that Plaintiff's daily activities are extensive. The record reflects that Plaintiff can attend to his personal needs and can clean, prepare meals, and do laundry and other household chores. *Id.* at 483, 499. Plaintiff also drives and exercises. *Id.* From September 2007 to September 2009, Plaintiff attended college-level classes three times a week and earned an associate's degree. *Id.* at 129-30, 145-46. Plaintiff also acknowledged to his treating and examining physicians on multiple occasions that his pain and mental symptoms are fairly controlled with medication. *See id.* at 498, 573, 585, 685, 748, 808, 813.

6

The ALJ used the proper legal standards in assessing Plaintiff's credibility and the resulting determination is supported by substantial evidence.

Plaintiff argues that the ALJ improperly evaluated his credibility by picking and choosing evidence from the record and by fabricating reasons for discounting his testimony. Pl. Br. at 7-10. For example, Plaintiff argues that the ALJ cited only those parts of the medical evidence that discredit Plaintiff when he cited a report that Plaintiff stated that "his medication helped him stay calm and not worry" and he had "only occasional flashbacks secondary to the lightning strike." *Id.* at 8; Tr. at 63. Plaintiff appears to fault the ALJ for paraphrasing the record, but a review of the complete entry supports the ALJ's characterization of the evidence. The entry reads, in its entirety:

> Symptoms: 30 y/o AAM presents for scheduled clinic appt. Seen by this writer in bsent [sic] of his provider. *According to the patient the medication is helpful. Report it helps him to stay calm and sleep. Report less anxious and do not worry as much. Admit to occasional flashbacks r/t being struck by lightning.* Denied feelings of hopelessness, helpless. Denied suicidal/homicidal ideas and appears to be nondangerous to self and others. Appetite good, no noticeable side effects [from] meds. Patient report that he spends most of his day watching TV. Encouraged to add some outside structured activity to his day and try to include low cardio exercise. Patient was agreeable to this plan. Denied use of illicit drugs or alcohol.
>
> Objective: Casually dressed, appearance neat and clean well groomed. Responding to verbal stimuli with fair eye contact. Speech well modulated with low tone/volume. Affect constricted, mood stated as OK, future goal directed with fair insight and judgment.
>
> Assessment: HX of depression.

Tr. at 573 (emphasis added). Plaintiff also faults the ALJ for citing only to one portion of a Dr. David's examination report for the proposition that "medication helped his anxiety when storms are coming." Pl. Br. at 8; Tr. at 498. Plaintiff contends that the ALJ failed to consider other comments

7

in the same report that Plaintiff suffers nightmares, disturbed sleep, and other symptoms in connection with bad weather. Pl. Br. at 8. However, a carefully reading of the report in its entirety shows that the ALJ accurately summarized the evidence which included a statement that "Plaintiff reports that previously he was having anxiety attacks, but has not had any of these since he started medication." Tr. at 498. Thus, the ALJ properly considered the evidence and did not "pick and choose" only the evidence that supports his determination. To the extent Plaintiff accuses the ALJ of "fabricating" evidence, Pl. Br. at 8, 9, his contentions are without merit. The ALJ's statement that he discounted Plaintiff's subjective complaints regarding the severity of his back pain because "no medical source has recommended that he undergo surgery," Tr. at 63, is accurate. That a doctor spoke with Plaintiff about his options for treating his back pain including "physical therapy, spine clinic, pain clinic and neurosurgery," Tr. at 576, is not a medical recommendation that Plaintiff have surgery. A fair reading of the record shows that the ALJ properly assessed Plaintiff's credibility. No error occurred in this regard.

**Medical Source Opinions**

Plaintiff further contends that the ALJ neglected to evaluate the medical source opinions of three VA physicians: Dr. Milton Davis, Dr. David, and Dr. Milton Leventhal. Pl. Br. at 10-11. According to Plaintiff, the ALJ's failure to specifically weigh these opinions constitutes reversible error because they undermine the ALJ's determination that he retains the RFC for medium work. *Id.* The Court disagrees. To the extent Plaintiff suggests that the ALJ "failed to even mention" these medical source opinions, Pl. Br. at 10, his argument does not accurately characterize the record. The ALJ specifically discussed the examination reports prepared by Dr. David and Dr. Leventhal, as well as other evidence used to support the VA's determination that Plaintiff is "unemployable," *see* Tr.

at 49, 51, 69, and explained that the VA's assessment of Plaintiff's functional limitations was not supported by the longitudinal record and, thus, not entitled to evidentiary weight. *Id.* at 69. The written decision further demonstrates that the ALJ conducted a detailed analysis of the entire record, including Plaintiff's voluminous VA records, and set forth substantial evidence that the opinions of Plaintiff's treating and examining physicians were contrary to substantial evidence which supported a determination that Plaintiff could perform his past relevant work as a hand packager and bakery assembly line worker. *See id.* at 45-69. Thus, no reversible error occured in this regard. *Vaught v. Astrue*, 271 F. App'x 452, 454 (5th Cir. 2008) (ALJ's failure to specifically discuss an examination of claimant by VA physician was not reversible error where ALJ considered claimant's VA medical records, including the report of that examination, and specifically discussed the VA's disability determination, which specifically relied on that examination).

The ALJ did not specifically discuss Dr. Davis's May 27, 2005 report in which he stated that Plaintiff suffered from chronic lumbar strain and degenerative disks and that Plaintiff "has been unable to get work, turned down for work repeatedly because of his low back problems, which are continuing." Tr. at 428. However, "[t]he ALJ's failure to mention a particular piece of evidence does not necessarily mean that he failed to consider it." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). "[P]rocedural perfection in administrative proceedings is not required." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Procedural improprieties will constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision. *Id.* Here, the ALJ's failure to specifically discuss the weight given to any of Plaintiff's examining physicians from the VA does not cast doubt on the existence of substantial evidence to support the ALJ's ultimate decision. As noted, the ALJ specifically discussed

9

the VA's unemployability rating and explained why it was not entitled to evidentiary weight. Tr. at 69. Among other things, the ALJ discussed the opinions of Plaintiff's treating physician, Dr. David Albracht, M.D., whose clinical notes generally reflected that claimant's back condition is stable and his pain is fairly controlled with medication and injections. *Id.* at 65. An impairment that can be controlled or remedied by medication or therapy cannot serve as a basis for a finding of disability. *See Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988). To the extent Dr. Albracht completed a Medical Source Statement which indicated that Plaintiff is unable to perform any work activity, *see* Tr. at 693-95, the ALJ explained why he rejected this opinion. Specifically, Dr. Albracht's statement was inconsistent with other medical evidence of record, his own clinic notes, and his own subsequent statement that Plaintiff's "chronic low back pain should not preclude him from doing various types of work (such as work that carries lower risk for exacerbating back pain)." *Id.* at 761. Plaintiff does not challenge the ALJ's rejection of Dr. Albracht's prior inconsistent statement.

Finally, to the extent Plaintiff relies on Dr. David's statements that he "may benefit from further vocational rehabilitation which could involve looking into other types of employment that would not require him to stand as much, or possibility look into on the job accommodations to elevate back strain," Tr. at 500, these statements fail to raise an issue with respect to prejudice. Dr. David examined Plaintiff in connection with a review of his PTSD evaluation and specifically deferred any opinion on occupational problems due to physical issues to his medical examiners. *Id.* at 501. With respect to PTSD, Dr. David opined that Plaintiff "did not show sufficient evidence to warrant unemployability solely due to mental health problems." *Id.* No reversible error occurred with regard to the ALJ's evaluation of the opinions of Plaintiff's examining physicians, and substantial evidence exists to support the hearing decision.

**RECOMMENDATION**

The final decision of the Commissioner should be AFFIRMED.

SO RECOMMENED, August 19, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).